**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
SONIA PEREZ,                                    :
on behalf of plaintiff and all                  :
others similarly situated,                      :
                                                :
                       Plaintiff,               :
                                                :            **COMPLAINT - CLASS ACTION**
        v.                                      :
                                                :
CENTRAL CREDIT SERVICES LLC,                    :
doing business as                               :
CENTRAL CREDIT SERVICES OF FL LLC               :
                                                :
                       Defendant.               :
-------------------------------------------------------------x

## INTRODUCTION

1.     Plaintiff brings this action against Central Credit Services LLC, doing

business as Central Credit Services of FL LLC ("CCS"), to secure redress from unlawful

collection practices.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15

U.S.C. §1692 et seq. ("FDCPA").

2.     The FDCPA broadly prohibits unfair or unconscionable collection methods,

conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in

connection with debt collection attempts. It also requires debt collectors to give debtors certain

information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.     In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the

use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive

debt collection practices contribute to the number of personal bankruptcies, to marital instability,

to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

4.     Because of this, courts have held that "the FDCPA's legislative intent emphasizes

the need to construe the statute broadly, so that we may protect consumers against debt

collectors' harassing conduct." and that "[t]his intent cannot be underestimated."  *Ramirez v.*

*Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.      The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.      Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq.*

## VENUE AND JURISDICTION

7.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8.      Venue and personal jurisdiction in this District are proper because:

a.      Defendant's collection communications were received by plaintiff within this District;

b.      Defendant does or transacts business within this District.

## PARTIES

9.      Plaintiff Sonia Perez is an individual who resides in Hempstead, New York.

10.     Defendant CCS is a limited liability company organized under Florida law with offices located at 20 Corporate Hills Drive, Saint Charles, MO 63301, and 9550 Regency Square Blvd., Jacksonville, FL 32225.  It also has offices in Pennsylvania, Kansas, Iowa, New Jersey, Jamaica, Panama and India.   CCS does business in New York.  Its registered agent and office is CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

11.     Defendant CCS is engaged in the business of a collection agency, using the mails and telephone system to collect defaulted consumer debts allegedly owed to others.

12.     Defendant CCS holds a debt collection agency license from New York City.

13.     CCS is a debt collector as defined by the FDCPA.

## FACTS

14.     Defendant has been attempting to collect from plaintiff a student loan debt entered into for personal, family or household purposes, namely, education, and allegedly owed

2

to Navient.

15.     The loan was in default when CCS first became involved with it.

16.     On or about April 26, 2017, defendant sent plaintiff the document attached as

Exhibit A.

17.     The document attached as Exhibit A was the first document which defendant sent

to plaintiff relating to the debt.

18.     On information and belief, based on its contents, the document attached as

Exhibit A is a form document intended for use as the initial document which defendant sends to

a borrower.

19.     Exhibit A has bar-coded addresses and return addresses, indicative of a computer-

generated form intended for mass mailing.

20.     Exhibit A has various fields that are filled out by computer, in a standardized

manner.

21.     The first page of Exhibit A gives a "total balance due" of $10,230.48.

22.     The reverse of Exhibit A purports to give a breakdown of the debt, listing several

numbers which do not make sense and do not add up to $10,230.48.

23.     The consumer receiving Exhibit A has no way of knowing whether the number on

the front is correct or the number on the back is correct.

24.     On information and belief, based on the use of a computer to fill out Exhibit A,

CCS has engaged in a pattern and practice of providing borrowers with initial letters containing

inconsistent numbers.

## COUNT I

25.     Plaintiff incorporate paragraphs 1-24.

26.     Defendant failed to comply with 15 U.S.C. §§1692g and 1692e.

27.     Section 1692g provides:

**§ 1692g.  Validation of debts**

3

**(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–**

*(1) the amount of the debt;*

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. . . . (Emphasis added)**

28.      Section 1692e provides:

**§ 1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2) The false representation of--**

**(A) the character, amount, or legal status of any debt; . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

29.      Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

30.      The class consists of (a) all individuals (b) to whom CCS sent an initial letter (c)

4

containing numerical information about the amount of the debt on both the front and back (d) which was not arithmetically consistent (e) which letter was sent any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

31.     The class is so numerous that joinder of all members is not practicable.  Based on CCS' size and the use of a form letter, there are more than 40 class members.

32.     There are questions of law and fact common to the class members, which common  questions predominate over any questions relating to individual class members.  The predominant common questions are:

    a.     Whether defendant has a standard method for filling in the dollar amounts on a collection letter;

    b.     Whether such method resulted in the insertion of inconsistent information;

    c.     Whether the provision of such information violated the FDCPA.

33.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

34.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

35.     A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.     Individual actions are not economically feasible.

    b.     Members of the class are likely to be unaware of their rights.

    c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    i.     Statutory damages;

5

    ii.        Attorney's fees, litigation expenses and costs of suit;

    iii.      Such other and further relief as the Court deems proper.

<u>s/Tiffany N. Hardy</u>
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

<u>s/Abraham Kleinman</u>
Abraham Kleinman

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.


<u>s/Tiffany N. Hardy</u>
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com



Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Tiffany N. Hardy
Tiffany N. Hardy