**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
SONIA PEREZ, Individually and on behalf of all others similarly situated,

      Plaintiff,

  -against-

CENTRAL CREDIT SERVICES LLC, doing business as CENTRAL CREDIT SERVICES OF FL LLC

      Defendant.
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:17-cv-6018 (ADS)(ARL)

**APPEARANCES:**

**Kleinman, LLC**
*Co-Attorneys for the Plaintiff*
626 RXR Plaza
Uniondale, NY 11556
  By: Abraham Kleinman, Esq., Of Counsel

**Edelman Combs Latturner & Goodwin LLC**
*Co-Attorneys for the Plaintiff*
20 South Clark Street, Suite 1500
Chicago, IL 60603
  By: Tiffany N. Hardy, Esq., Of Counsel

**Sessions, Fishman, Nathan & Israel, LLC**
*Attorneys for Defendant*
3850 N Causeway Blvd., Suite 200
Metairie, LA 70130
  By: Kristen H. Smith, Esq., Of Counsel

**SPATT, District Judge**:

  Sonia Perez ("Perez" or the "Plaintiff") commenced this putative class action against the Defendant, Central Credit Services LLC, doing business as Central Credit Services of FL LLC ("CCS" or the "Defendant") alleging violations of the Telephone Consumer Protection Act of 1991

("TCPA"), 47 U.S.C. §§ 227, *et seq.* Presently before the Court is a motion by the Plaintiff for class certification, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule" or "FED R. CIV. P.") requesting that the Court certify the class. For the following reasons, the motion is denied without prejudice to renewal following discovery.

## I. BRIEF BACKGROUND

On October 16, 2017, the Plaintiff commenced this action against the Defendant by filing a putative class action complaint. That same day, the Plaintiff filed the present motion, seeking a ruling certifying the class. The Plaintiff also filed a motion to enter the instant motion and continue it until the Defendant entered an appearance.

On November 29, 2017, the Defendant answered the complaint.

The parties will hold their initial conference before Magistrate Judge Arlene R. Lindsay on March 7, 2018.

## II. DISCUSSION

"In determining whether class certification is appropriate, a district court must first ascertain whether the claims meet the preconditions of Rule 23(a)." *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 201 (2d Cir. 2008). Rule 23(a) requires the Plaintiff to establish the following four conditions: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the classes; and (4) the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a). After establishing Rule 23(a)'s four preconditions, the claims must also satisfy one of the scenarios in Rule 23(b)(1)-(3). FED. R. CIV. P. 23(b). "The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's

requirements has been met." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010) (internal citations omitted).

Granting a motion for class certification "is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011) (internal citations and quotations omitted). Although such a decision is to be made as early as practicable, FED. R. CIV. P. 23(c)(1)(A), "this does not mandate precipitous action." *Chateau de Ville Prods., Inc. v. Trans-Witmark Music Library, Inc.*, 586 F.2d 962, 966 (2d Cir. 1978).

In the instant case, the Court is unable to conduct the "rigorous analysis" required by *Wal-Mart Stores, Inc.*, as this motion was filed contemporaneously with the class action complaint and prior to any discovery or the filing of an answer. Even at the present juncture, there has been little or no discovery that has taken place.

More discovery is needed on factual issues associated with class certification. Neither party's interests are properly served by determining class certification prior to the completion of the discovery process. *See Physicians Healthsource, Inc. v. Purdue Pharma L.P.*, No. 3:12-cv-1208, 2013 WL 4782378, at *1 (D. Conn. Sept. 6, 2013) ("Here, such 'rigorous analysis' is impracticable, at least on the current record, because the plaintiff filed its motion for class certification prior to discovery."). The Court finds that at this early stage of the litigation, there is insufficient evidence to establish the requisite Rule 23(a) elements by a preponderance of the evidence.

The Plaintiff admits that the purpose of this motion is to prevent the Defendant from potentially rendering the class action moot by making an offer of settlement using a Rule 68 offer

3

of judgment. Plaintiff's Motion for Class Certification at 4. *See Campbell-Ewald Co. v. Gomez*, – U.S. –, 136 S. Ct. 663, 672, 193 L. Ed. 2d 571 (2016).

In 2016, the Supreme Court determined that an "unaccepted settlement offer or offer of judgment does not moot a plaintiff's case." *Campbell-Ewald Co.*, 136 S. Ct. at 665. The Second Circuit jurisprudence that followed also concluded that "an unaccepted Rule 68 offer alone does not render a plaintiff's individual claims moot before the entry of judgment against the defendants. … [I]t remains the established law of this Circuit that a rejected settlement offer under Rule 68, by itself, cannot render moot a case. If the parties agree that a judgment should be entered against the defendant, then the district court should enter such a judgment." *Tanasi v. New Alliance Bank*, 786 F.3d 195, 197, 200 (2d Cir. 2015) (internal citations omitted), *cert denied*, – U.S. –, 136 S. Ct. 979, 194 L. Ed. 2d 3 (2016). Therefore, a Rule 68 offer would only moot a class action lawsuit if a Rule 68 offer was made and accepted by the Plaintiff. As of this date, there has been no Rule 68 offer made in this case based on the record before this Court nor is there any reason to believe that the Plaintiff has any intention of accepting any hypothetical Rule 68 offer.

Further, "[o]ther courts – within and without the Second Circuit – are in agreement that a defendant is no longer able to moot a putative class action by tendering payment to a named plaintiff and asking the court to enter judgment against it over the plaintiff's objection." *Brady v. Basic Research, L.L.C.*, No. 13-cv-7169, 2016 WL 1735856, at *2 (E.D.N.Y. May 2, 2016) (collecting cases); *see also Bell v. Survey Sampling Int'l, LLC*, No. 3:15-cv-1666, 2017 WL 1013294, at *5 (D. Conn. Mar. 15, 2017) ("I join the many other courts, including courts in this Circuit, in concluding that full tender does not moot a putative class action prior to a decision on class certification.") (collecting cases). Granting such a premature motion in an effort to avoid a hypothetical Rule 68 offer does not serve the interests of this Court. At this early stage in the

litigation, the Plaintiff's purpose for bringing such a motion is unpersuasive to this Court. *See, e.g.*, *Jennings v. Cont'l Serv. Grp., Inc.*, 314 F.R.D. 82, 84 (W.D.N.Y. 2016) (holding that it would be premature to decide on a class certification motion or stay such a motion pending discovery before a Rule 68 offer was made and when it was "reasonable to conclude that the Plaintiff in this case would have no intention of accepting such an offer").

Finally, even if the Court were to accept the Plaintiff's argument that a putative class action complaint can potentially be rendered moot if the Defendant were to make an individual settlement offer, it still does not require the Plaintiff to have an early, pre-discovery class certification motion remain pending on the Court's docket until the Plaintiff has adequate discovery to file a more fully –developed motion. Any determination regarding certification, whether it be certifying a class or refusing to certify one is an "inherently tentative" order, one which the court "remains free to modify … [in] light of subsequent developments in the litigation." *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 160, 102 S. Ct. 2364, 2372, 72 L. Ed. 2d 740 (1982); *accord* FED. R. CIV. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment.").

As a result, the class allegations are equally preserved at this point in the litigation, regardless whether the Court denies the motion without prejudice or allows this motion to remain on the docket until discovery is concluded. Therefore, the Plaintiff's [4] motion for class certification is denied without prejudice to renewal following the conclusion of discovery.

Further, the Clerk of the Court is instructed to terminate [7] Motion to Continue as moot.

It is **SO ORDERED**:

Dated: Central Islip, New York

February 27, 2018

_/s/ Arthur D. Spatt_

ARTHUR D. SPATT

United States District Judge
